United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
March 14, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| United States of America, for the use of LA. Carriers, LLC, § § § § Plaintiff, § § versus § § Pontchartrain Partners, LLC, § § Defendant. § | | Civil Action H-20-3916 |

## Opinion on Summary Judgment

1.    Facts.

Pontchartrain Partners contracted with the Army Corp of Engineers for a project in Galveston. It subcontracted with LA Carriers to tow vessels, MV Southern Belle and MV Mon Ta. LA Carriers brokered with Belle Passe Towing to provide these services for the Army Corp. From October 2019 to July 2020, Belle Passe towed these vessels. LA Carriers maintained an open account with Pontchartrain to pay it for services. Pontchartrain did not pay.

The United States sues on behalf of LA Carriers for $124,281.62, in unpaid invoices. Pontchartrain counterclaimed that LA Carriers or Belle Passe owe it money damages for an accident on the MV Southern Belle. It sues for (a) breach of contract, (b) negligence, (c) breach of good-faith duty, and (d) negligent hiring.

LA Carriers moves for partial summary judgment to recover the unpaid invoices.

2.    Open Account Claim.

Pontchartrain Partners and LA Carriers are based in Louisiana. No express contract was prepared between Pontchartrain and LA Carriers. The court will decide the case under Texas law because the services were performed in Texas.

LA Carriers asks to recover the debt it is owed on an open account from Pontchartrain. An open account exists when the parties have a understanding to have a running tab of past or current dealings with the expectation of future business. Under Texas law, an open accounts claim requires that (1) services were sold, (2) the amount of the account reflects the usual, customary, and reasonable prices for those services; and (3) that amount is unpaid.[1] By filing an affidavit and invoices to show a record of the account, the debtor has sufficient evidence of an open account.[2]

LA Carriers says that Pontchartrain's only defense to the open account is the setoff for damages from the accident with the MV Southern Belle. Pontchartrain cannot plead a counterclaim as a setoff for the unpaid debt because it was unliquidated. Set-offs may only be plead for liquidated damages.[3] The setoff will not alter the decision on the open account claims.

The parties disagree that the invoiced price was customary. Johnny Plaisance, an employee of LA Carriers, swears that the price was the custom. Pontchartrain contests this evidence because the amended affidavit is not notarized. The Court nonetheless may consider it because it is sworn and an extension of the original affidavit.[4]

Pontchartrain says multiple fact issues exist that preclude summary judgment. For example, it says no agreement about the charges on the invoices was reached. It fails on this argument. LA Carriers has an email to Pontchartrain that describes some of the charges. Plaisance also swore that it reflects the customary price of towing services. The emails at the prevailing market rate and invoices are sufficient to establish an open account. An express contract is not required.

---

[1] *Hose Pro Connectors, Inc. v. Parker Hannifin Corp.*, 889 S.W.2d 555, 558 (Tex.App.-Houston [14th Cir.] 1994

[2] *Rizk v. Financial Guardian Ins. Agency, Inc.*, 584 S.W.2d 860, 862 (Tex.1979)

[3] *See* 20 American Jurisprudence 2d Counterclaim, Recoupment, and Setoff § 6 (2015)

[4] *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 645-46 (Tex. 1995)

Pontchartrain says it was not aware that LA Carriers subcontracted the services to Belle Passe. This is immaterial. Pontchartrain also argues that LA Carriers did not tow the vessels. In its counterclaim, it says an accident occurred during one of the deliveries which would contradict this claim.

C.  Conclusion.

The evidence in dispute is not material to the open accounts claim. Pontchartrain must pay.

Signed on March 14, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge